AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| RUFUS ROGERS | ) | Case No. 4:23-mj-71162-MAG |
| | ) | |
| Defendant(s) | ) | |

**FILED**
Aug 02 2023
Mark B. Busby
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  February 17, 2023  in the county of  Alameda  in the Northern District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Ammunition |
| | Maximum 15 years imprisonment |
| | Maximum $250, 000 fine |
| | Maximum 3 years supervised release |
| | $100 special assessment |
| | Forfeiture |

This criminal complaint is based on these facts:
See attached affidavit of Special Agent Chirstopher Bailey

☒ Continued on the attached sheet.

Approved as to form  _/s/ Adam Barkl_
*AUSA ADAM BARKL*

/s/ Christopher Bailey
*Complainant's signature*

Special Agent Christopher Bailey, ATF
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by Phone.

Date: 08/01/2023

*Judge's signature*

City and state: Oakland, CA

Hon. Magistrate Kandis A. Westmore
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR COMPLAINT

I, Christopher Bailey, Special Agent ("SA") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), being duly sworn, state:

## INTRODUCTION

1. I make this affidavit in support of an application under Rule 4 of the Federal Rules of Criminal Procedure for a criminal complaint and arrest warrant for Rufus Rogers (hereafter, "ROGERS") for being a felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1), on or about February 17, 2023, in the Northern District of California.

## SOURCES OF INFORMATION

2. This affidavit is submitted for the limited purpose of securing a criminal complaint and arrest warrant. I have not included every fact known to me concerning this investigation. Instead, I have set forth only the facts necessary to establish probable cause that violations of the federal law identified above have occurred.

3. I have based my statements in this affidavit on my training and experience; personal knowledge of the facts and circumstances obtained through my participation in this investigation; information provided by law enforcement officers, including Officers from the Oakland Police Department (OPD); information provided by reports prepared by other law enforcement officers; and information provided by records and databases, including regarding Roger's criminal history. Where I refer to conversations and events, I often refer to them in substance and in relevant part rather than in their entirety or verbatim, unless otherwise noted. This affidavit also reflects my current understanding of facts relating to this investigation, but my understanding may change in the future as the investigation proceeds.

## AFFIANT BACKGROUND

4. I have been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") since February 2009. I am presently assigned to the ATF Oakland Field Office in Oakland, California. I am a law enforcement officer of the United States

within the meaning of Title 18, United States Code, Section 2510(7). I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and Special Agent Basic Training at the ATF National Academy. The training that I received at the academy included formalized instruction in, among other things: firearms, drugs, and violent crime-related investigations, familiarization with United States firearms laws, financial investigations and money laundering, identification and seizure of drug and firearms tracking related assets, physical and electronic surveillance, weapon qualification and tactics, operation and use of confidential sources, and undercover operations.

5. Prior to working as an ATF Special Agent, I worked as an industry operations investigator for the ATF and investigated federal firearm and explosive licensees, including manufacturers, importers, and dealers of firearms, for compliance with the Gun Control Act and the Code of Federal Regulations.

6. As an ATF Special Agent, I have conducted and participated in both state and Federal investigations involving the illegal possession and trafficking of firearms. I have investigated and assisted in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. During these investigations, I have participated in and/or served as the primary case agent in cases involving various types of investigative techniques, including the use of electronic surveillance, assistance from undercover agents and informants, and the controlled purchases of firearms and narcotics from suspects. I have also participated in physical surveillance operations and the execution of state and federal arrest warrants and search warrants, resulting in state and federal prosecution of defendants.

## APPLICABLE STATUTES

7. Title 18, United States Code, Section 922(g)(1) provides: "It shall be unlawful for any person . . . who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

8. The elements of the target offense are as follows: (1) defendant knowingly possessed a ammunition; (2) the ammunition had been shipped or transported from one state to another, or between a foreign nation and the United States and/or otherwise affected interstate commerce; (3) at the time defendant possessed the ammunition, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the ammunition, defendant knew that he/she had been convicted of a crime punishable by imprisonment for a term exceeding one year.

## FACTS SUPPORTING PROBABLE CAUSE

**A. Shooting on February 17, 2023, in Oakland, California**

9. On or about February 17, 2023, the Oakland Police Department ("OPD"), investigated a report of a shooting at 1096 60th Street. OPD personnel arrived on scene and did not locate any suspects or injured parties on scene.

10. OPD personnel located one (1) .40mm S&W "PMC" caliber spent casing and three (3) 5.7x 28mm "FNB" caliber spent casings at the scene.

11. Law enforcement recovered surveillance video from the Gateway Liquor store (5944 San Pablo Ave) that captured the incident. The video showed a male, wearing dark clothing (Suspect 1), exiting Gateway Liquor, walking in the 1000 block of 60th Street towards Herzog Street. A second male, wearing a black jacket, red sweatpants, brown slippers and holding a firearm (later identified as ROGERS), walked in the direction of Suspect 1. ROGERS and Suspect 1 exchange words, which can be overheard on the surveillance video. During their exchange of words, Suspect 1 discharged his handgun into the air. ROGERS immediately pointed his firearm in the direction of Suspect 1 and fired approximately three (3) rounds.

12. On or about March 08, 2023, still photos from the surveillance footage were sent out through OPD's internal email which depicted ROGERS in a black jacket, red sweatpants, and brown slippers, holding a black firearm with both hands. OPD personnel from the Violent Crime Operation Center ("VCOC") were able to positively identify ROGERS from the still photos.

 

### Review of Surveillance Video

13. I have reviewed the surveillance video of the shooting gathered by OPD. During my review, I observed who I believe to be ROGERS, based on comparison to his Alameda County booking photograph, standing in front of Gateway Liquor, located at 5944 San Pablo Ave. I observed Suspect 1 exiting Gateway Liquor and proceeding to walk around the corner of the store, in the 1000 block of 60th Street walking towards Herzog Street. As he interacts with ROGERS, who is initially off camera, I observe Suspect 1 remove what appears to be a handgun from his waistband.

14. Shortly after, I could clearly see ROGERS entering the frame of the surveillance footage following behind Suspect 1. ROGERS was gripping a black firearm with both his hands pointing it downward. As ROGERS turns the same corner as Suspect 1, he raises the firearm with his right hand, parallel with the ground, appearing to point it in the direction of Suspect 1. When ROGERS realizes that Suspect 1 was not immediately around the corner and walking towards Herzog Street, ROGERS lowers his firearm and begins to have a verbal discussion with Suspect 1. As the discussion continues, it appears that Suspect 1 discharges his firearm in the air. ROGERS immediately responds by raising his firearm with his right hand, points it in the direction of Suspect 1 and discharges approximately three (3) rounds.

15. Following the shooting, ROGERS walks back around the corner towards San Pablo Avenue in the direction from which he came, puts his firearm in his right front jacket pocket, and flees the area in an unknown direction.

16. Based on the number of rounds fired as well as the location of the two individuals and the fired cartridge cases, I believe that ROGERS fired the three (3) rounds of FNB 5.7x28mm caliber ammunition recovered by officers.

17. When ROGERS was last observed on the surveillance footage, ROGERS was still in possession of the firearm. This firearm has not yet been recovered.

### B. Interstate Nexus of Ammunition

18. I examined the ammunition recovered on February 17, 2023, namely the (3) rounds of FNB 5.7x28mm caliber ammunition.

19. Based on my training and experience, the three (3) rounds of ammunition that were fired by ROGERS were not manufactured in the state of California. For this reason, the ammunition must have traveled in interstate and/or foreign commerce prior to ROGERS's possession within the Northern District of California.

### C. Rogers's Criminal History

20. I reviewed ROGERS' criminal history and found that he was convicted on or about June 15, 2000, in violation of California Penal Code 245(a)(1), force/assault with deadly weapon, other than a firearm, likely to create great bodily injury, a felony punishable by a prison term of more than 1 year. ROGERS was on probation during this time and was sentenced to three years in prison.

21. On or about April 01, 2004, ROGERS was convicted for violation of California Health and Safety Code 11351.5, possession/purchase of cocaine base for the purpose of sale. This felony is punishable by a prison term of more than 1 year. During this time, ROGERS was on probation. ROGERS probation was revoked, and he was sentenced to five years in prison.

22. On or about October 09, 2009, ROGERS was convicted for a federal violation of 21 U.S.C. 841(a)(1), possession with intent to distribute a controlled substance, a felony

punishable by a prison term of more than 1 year. ROGERS was sentenced to 108 months federal imprisonment followed by supervised release for 60 months.

23.     On or about July 29, 2019, ROGERS violated his federal probation. ROGERS was sentenced six months, with supervised release for 36 months.  The maximum penalty for ROGERS' probation violation was 36 months imprisonment.

24.     Considering ROGERS was sentenced to a term of imprisonment exceeding one year for multiple convictions, I believe that ROGERS knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year at the time that he possessed the ammunition on February 17, 2023.

## CONCLUSION

20.     On the basis of my training and experience, my participation in this investigation, and the information summarized above, there is probable cause to believe that on February 17, 2023, in the Northern District of California, ROGERS committed the crime of being a felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1).

/s/ Christopher Bailey
Christopher Bailey
Special Agent,
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me over the telephone and signed by me pursuant to Fed.R.Crim.P. 4.1 and 4(d) on this  1st  day of August 2023.  This application and warrant are to be filed under seal.

_____
HONORABLE KANDIS A. WESTMORE
United States Magistrate Judge